## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>PABLO DE LA CRUZ-ARIAS,<br><br>**Defendant.** | **Criminal No.** 19-172 (FAB) |

## MEMORANDUM AND ORDER

BESOSA, District Judge.

A district court may refer a pending motion to a magistrate judge for a report and recommendation ("R&R"). See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a); Loc. Rule 72(b). Any party adversely affected by the R&R may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d). See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarría v. Pichis, Inc., 698 F. Supp. 2d. 262, 264 (D.P.R. 2010) (Domínguez, J.). Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636 (a)(b)(1); Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Álamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (Domínguez, J.). Furthermore, the Court may accept those parts of the R&R to which the parties do not object. See Hernández-Mejías v. General Elec., 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (Fusté, J.) (citation omitted).

On December 11, 2019, United States Magistrate Judge Marshal D. Morgan issued a thorough and well-supported R&R (Docket No. 52), recommending that defendant Pablo De la Cruz-Arias ("De la Cruz")'s motion to suppress (Docket No. 28) be denied. The parties had until December 26, 2019 to object to the R&R. (Docket No. 160.) The Court granted De la Cruz's motions for an extension of time to file an objection. (Docket Nos. 59 and 61.) De la Cruz timely objected to the R&R, and the United States replied. (Docket Nos. 62 and 63.)

The Court has made an independent examination of the entire record in this case. De la Cruz's "limited objection" pertains solely to his post-arrest statements. (Docket No. 62 at p. 3.) On March 1, 2019, Puerto Rico Police Department ("PRPD") officers executed a search warrant at his residence. (Docket No. 52 at p. 2.) Subsequently, PRPD officers informed De la Cruz that they arrested his consensual partner for violating Article 6.01 of the

Puerto Rico Weapons Act, P.R. Laws Ann. tit. 25, section 459. Id. at p. 6. De la Cruz then claimed ownership of the ammunition, asserting that "around midnight, he was chopping down a tree in the yard and found the two (2) magazines." Id. at p. 7. The R&R cites United States v. Jackson for the proposition that the "voluntariness of an admission depends on 'whether the will of the defendant [was] overborne so that the statement was not his free and voluntary act.'" Id. at p. 20 (citing 918 F.2d 236, 241 (1st Cir. 1990)). This is a correct statement of the law. That the magistrate judge noted the lack of emotional reaction from De la Cruz does not negate the legal principal on which the R&R is based.

Assuming responsibility for contraband initially attributed to a relative does not undermine a voluntary confession. See United States v. Dillard, 983 F.2d 1069 (6th Cir. 1992) (concluding that threat to arrest defendant's mother was not coercive because the police had probable cause to arrest mother); United States v. Meléndez, Case No. 14-838, 2015 U.S. Dist. LEXIS 78894 (S.D.N.Y. 2015) (threat to arrest everyone in the apartment, including elderly father, was not so improperly coercive as to render consent involuntary) (citing United States v. Ortiz, 943 F. Supp. 2d 447, 456 (S.D.N.Y. 2013) ("a threat to arrest a suspect's family member [. . .] does not render a confession involuntary if the police had probable cause to arrest the family member and thus could lawfully

carry out the threat.")).  Accordingly, the Court **ADOPTS** the magistrate judge's findings and recommendations (Docket No. 52), and De la Cruz's motion to suppress is **DENIED** (Docket No. 28).

A scheduling order will be issued by separate order.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 16, 2020.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE